UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.8 (rev. 1.8.4)
Eastern Division

David Carrilo−Guzman
       Plaintiff,

v.              Case No.: 1:25−cv−12772
              Honorable Sharon Johnson Coleman

Sam Olson, et al.
       Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Thursday, October 30, 2025:

  MINUTE entry before the Honorable Sharon Johnson Coleman: Status hearing held on 10/30/2025. Petitioner David Carrillo−Guzman ("Carrillo−Guzman") brings a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The issues presented to the Court in this case have arisen before numerous courts across the U.S., including courts in this District. See Ochoa Ochoa v. Noem, No. 25−cv−10865 (N.D. Ill. Oct. 16, 2025); Miguel v. Noem et al, No. 25−cv−11137 (N.D. Ill. Oct. 21, 2025); Alejandro v. Olson, No. 25−cv−02027, 2025 WL 2896348, at *6 (S.D. Ind. Oct. 11, 2025) (collecting cases). In H.G.V.U. v. Smith, No. 25−cv−10931 (N.D. Ill. Oct. 21, 2025), this Court granted a petition for a writ of habeas corpus and addressed these issues. This Court found that 8 U.S.C. § 1252(a)(2)(B)(ii), § 1252(b)(9), and § 1252(g) do not strip district courts of jurisdiction over habeas petitions for detention hearings, and that requiring a petitioner to exhaust remedies by attempting to appeal the denial of bond would be futile, rendering exhaustion inappropriate. This Court concluded that the mandatory detention provision within 8 U.S.C. § 1225(b)(2)(A) does not apply to noncitizens who are "inadmissible" but are already present in the country (such as Carrillo−Guzman). Rather, § 1226(a) applies in that case, subjecting those noncitizens to discretionary detention and entitling them to a bond hearing before an immigration judge. This Court rejected the Board of Immigration Appeals' interpretation of the Immigration and Nationality Act of 1952, as amended ("INA") in Matter of Yajure Hurtado, 29 IN Dec. 216 (BIA 2025) as incorrect as a matter of law, noting that it is neither binding on nor persuasive to this Court. This Court reaffirmed its findings as to each of these arguments in Perez Padilla v. Noem et al, No. 25−cv−12462 (N.D. Ill. Oct. 22, 2025). The Court's findings remain unchanged. The Court therefore grants Carrillo−Guzman's petition [1]. The Court orders that Respondents provide Carrillo−Guzman with a bond hearing pursuant to the process outlined in 8 U.S.C. § 1226(a) within five calendar days of this Order. At that bond hearing, Respondents must show by clear and convincing evidence that Carrillo−Guzman poses a danger to the community or poses a risk of flight such that detention is necessary. See Perez Padilla, No. 25−cv−12462, Dkt. 14 at *45. Finally, the Court notes its concern with the unresponsiveness Carrillo−Guzman's counsel faced while attempting to contact him at Miami Correctional Facility in Miami County, Indiana. The Court further orders Respondents to ensure, within one day of this Order, that Carrillo−Guzman obtains phone access while in detention to communicate at least once per day with his counsel, and with

his family. Status hearing set for 11/10/2025 at 9:45 AM. Mailed notice. (ym)

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.